# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RSL FUNDING, LLC, and § | | |
| RSL-5B-IL, LTD. § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No. 1:09CV300-HSO-JMR |
| § | | |
| BENNY RAY SAUCIER § | | DEFENDANT |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. Plaintiffs filed a statutory interpleader action against Defendant Benny Ray Saucier on May 11, 2009. *See* Compl. The same day, they filed a Motion for Interpleader, Discharge, Injunction, and Attorney's Fees [4], and sought to deposit $189,846.87 into the registry of the Court. *See* Mot., at p. 1. Plaintiffs maintain that Defendant has an existing federal tax lien filed against him, and that this interpleader action is necessary to resolve their uncertainty as to the amount necessary to satisfy the Internal Revenue Service's ["IRS"] lien. *See* Mem. in Supp. of Mot., at p. 2. Plaintiffs state that they are "in serious doubt and cannot safely determine the liability as between the IRS and Saucier." *Id.* at p. 4.

## I. FACTS AND PROCEDURAL HISTORY

On August 27, 2009, the Court entered an Order to Show Cause [6], directing Plaintiffs to show why the United States of America should not be joined as a potential claimant to the funds. In Response [12], Plaintiffs stated that

> [t]his case is simple and can be resolved without adding the United States of America as a necessary party. The addition of the United States of America would only serve to complicate the issues, increase litigation expenses for all parties currently involved, and unnecessarily lengthen

the amount of time this case will take to resolve.

Pls.' Resp. to Order to Show Cause, at p. 1.

Plaintiffs further maintain that the IRS is not a necessary or indispensable party, pursuant to Federal Rule of Civil Procedure 19. *See id.* at p. 3. They attempt to distinguish *Republic of Philippines v. Pimentel*, 128 S. Ct. 2180, 2189 (2008), which was cited by the Court in its Order to Show Cause. Plaintiffs take the position that the Court can move forward with resolving and determining the respective rights between the appearing parties in this case without prejudicing the IRS or the parties in any way, which was the concern in *Pimentel*. *See* Pls.' Resp. to Order to Show Cause, at pp. 3-4. In the alternative, Plaintiffs state that, if the Court deems it necessary, they will amend their pleadings to assert a claim against the United States of America. *See id.* at p. 4.

The Court need not resolve the question of whether the United States is a necessary party in this case, as Plaintiffs have failed to establish this Court's subject matter jurisdiction over this case. Nor have they sufficiently demonstrated that there exists a justiciable case or controversy. The Court must therefore dismiss Plaintiffs' case without prejudice.

## II.  DISCUSSION

A.  Subject Matter Jurisdiction

The Court must address its subject matter jurisdiction *sua sponte*, even if not raised by the parties. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 (5th Cir. 2001). Plaintiff invokes jurisdiction based upon minimal diversity of citizenship under 28

U.S.C. § 1335.  *See* Compl., at p. 1.  Plaintiffs bear the burden of establishing the Court's subject matter jurisdiction and, when pleading diversity jurisdiction, must state all parties' citizenships such that the existence of diversity can be confirmed. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (*quoting Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Co.,* 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

Minimal diversity suffices to confer subject matter jurisdiction in statutory interpleader cases.  *See* 28 U.S.C. §§ 1332 and 1335*; see also Lindsay v. Ford Motor Co.*, 41 F.3d 664, 1994 WL 684970, *5 (5th Cir. 1994).  "Rule interpleader" cases require either complete diversity, or federal question jurisdiction.  *See Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 n.46 (5th Cir. 2002).  As noted above, Plaintiffs filed this case as a statutory interpleader, pursuant to 28 U.S.C. § 1335. *See* Compl., at p. 1.

    1.    <u>Statutory Interpleader</u>

Plaintiffs named only one claimant as a Defendant in this case, Benny Ray Saucier.  Plaintiffs have not explained how minimal diversity can be met by naming only one Defendant.  *See* 28 U.S.C. § 1335.  The Court is of the opinion that Plaintiffs have not met their burden of showing minimal diversity between claimants.  Moreover, although Plaintiffs pleaded this action as a statutory interpleader, they have failed to actually deposit the fund into the registry of the Court, which is a jurisdictional prerequisite to suit under the interpleader statute, 28 U.S.C. § 1335.  *See Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir.

1976).

### 2. Rule Interpleader

#### a. Complete Diversity

Plaintiffs do identify two potential adverse claimants to the fund they seek to interplead, Mr. Saucier and the IRS. *See* Compl., at pp. 3-4. Assuming for the sake of argument that Plaintiffs properly brought this case as a rule interpleader, though they have pleaded only statutory interpleader, Plaintiffs have not met their burden of demonstrating that the complete diversity required by rule interpleader has been satisfied. Plaintiffs are a limited liability company and a limited partnership. *See* Compl., at p. 1. The citizenship of a limited liability company is determined by the citizenship of all of its members for diversity purposes, and the citizenship of a limited partnership is based upon the citizenship of each of its partners. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Plaintiffs have not identified their respective members and partners; therefore, the Court is unable to determine whether complete diversity exists between the parties.

#### b. Federal Question Jurisdiction

Though not asserted in the Complaint, the Court will also address whether federal question jurisdiction exists. In their Response in Opposition to Defendant's Motion to Dismiss, Plaintiffs classify the interpleader here as "rule interpleader," and assert that federal question jurisdiction "exists because 28 U.S.C. § 2410 grants concurrent federal and state court jurisdiction to any interpleader action with respect to property on which the United States has a lien." Pls.' Resp. to Def.'s Mot.

to Dismiss, at p. 1 (*citing* 28 U.S.C. § 2410(a)(5); *Island Title Corp. v. Bundy,* 488 F. Supp. 2d 1084, 1090 (D. Haw. 2007)).

28 U.S.C. § 2410(a) provides that

> [u]nder the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410.

Plaintiffs have not named the United States as a party to this action. The Court is unable to see how federal question jurisdiction is conferred by a statute allowing the United States to be named a party, when it has not actually been named a party to the action. Moreover, "[s]ection 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Boston Old Colony Insurance Co.*, 311 F.3d 623, 635 (5th Cir. 2002). The Fifth Circuit has explained section 2410(a)'s interplay with section 1444, the removal statute, as follows: "once [section 2410(a)] is deemed applicable in a state court action, . . . it makes available to the government § 1444, which we have held creates a substantive right of removal to federal court, regardless of jurisdictional limitations." *Id.* Plaintiffs have not met their burden of demonstrating the existence of federal question jurisdiction.

B.  Case or Controversy

Plaintiffs named only one claimant as a Defendant in this case, Benny Ray Saucier.  "[T]he purpose of interpleader as a procedural device [is] to shield a stakeholder . . . from liability when faced with the threat of multiple inconsistent claims to a single fund by allowing the stakeholder to tender that fund to the court in lieu of defending against multiple possible lawsuits." *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006).  The controversy is essentially between the claimants.  *See id.*

Plaintiffs have not pointed the Court to any authority demonstrating that it is proper for the Court to entertain an "interpleader" action, or an action in the nature of interpleader, where only one claimant has been named as a Defendant. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363-64 (5th Cir. 1983) ("Interpleader is a device which allows a party in possession of money or property belonging to another *to join two or more parties* asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits."). The Court is of the opinion that Plaintiffs have not properly instituted an interpleader action, or an action in the nature of interpleader.  Thus, Plaintiffs have not demonstrated that there currently exists an actual, justiciable case or controversy before the Court for which its jurisdiction can be properly invoked.  *See* U.S. Const. art. III, § 2.

III.  CONCLUSION

For the reasons stated herein, the Court is of the opinion that it lacks jurisdiction, that Plaintiffs' Complaint should be dismissed without prejudice, and that all remaining pending Motions should be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' claims against Defendant should be and hereby are **DISMISSED WITHOUT PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending Motions should be and hereby are **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED**, this the 27th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE